IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY A. LAMB,<br><br>    Petitioner,<br><br>    vs.<br><br>JOHN W. HAVILAND, Warden,* *et al.*,<br><br>    Respondents. | Case No. 2:08-cv-00398 JKS<br><br>ORDER |

Petitioner, a state prisoner proceeding pro se, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He challenges a 2004 judgment of conviction entered in the Superior Court of California, Amador County, on charges of gross vehicular manslaughter while intoxicated (count II), driving under the influence and causing injury (count III), and driving with a .08% and more blood alcohol level and causing injury (count IV). Petitioner alleges relief is warranted on the grounds that: (1) counsel rendered ineffective assistance by failing to seek disqualification of the trial judge; and (2) Petitioner was denied his right to due process and a fair trial when the trial court presented the appearance of bias. Docket No. 1 (Pet.). Respondent asserts that Petitioner's arguments fail on the merits. Docket No. 10. Petitioner has filed a Traverse. Docket Nos. 15 (Trav.). The petition will be denied for the reasons set forth below.

## BACKGROUND

In an unpublished opinion filed on January 31, 2006, the California Court of Appeal, Third Appellate District, summarized the factual background of the offense and trial:

---

*John W. Haviland is substituted for his predecessor pursuant to Federal Rule of Civil Procedure 25(d).

1

> After taking pain medication and drinking enough beer and tequila to register a 0.22 percent blood-alcohol content, defendant Timothy Lamb drove his truck down a two-lane road at speeds nearly twice the posted speed limit. He lost control of his vehicle, crossed the center line, hit one car and injured its driver, then hit a second car and killed its driver.
>
> A jury acquitted defendant of murder-count 1; and found untrue allegations that the driver of the first car suffered great bodily injury. However, the jury convicted defendant of gross vehicular manslaughter while intoxicated-count 2, driving under the influence (DUI) causing injury-count 3, and causing injury by driving with a blood alcohol level of more than 0.08 percent-count 4. The jury also found true various charged enhancements, including that defendant personally inflicted death on one person, injured more than one victim, and had a blood alcohol level of at least 0.20 percent. . . .

*People v. Lamb*, No. C046556, Slip op. at 2-3 (Cal. Ct. App. January 31, 2006) (available in the record as Lodged Document No. 4) (internal citations omitted).

As Petitioner had expressly waived jury trial on the issue, the trial court found true the allegation that Petitioner had suffered two prior convictions for DUI. Based on this last allegation, Petitioner was sentenced to 15 years to life for gross vehicular manslaughter in accordance with California Penal Code section 191.5(d). All of the charges and enhancements together resulted in an aggregate sentence of 17 years to life.

Petitioner appealed his conviction, arguing, *inter alia*, that the trial court was biased. The Court of Appeal affirmed in a reasoned decision. *Lamb*, No. C046556, Slip op. at 20. The Supreme Court of California denied review without comment on June 14, 2006. *People v. Lamb*, No. S141100, Slip op. (Cal. June 14, 2006) (available in the record as Lodged Document No. 8). On April 6, 2007, Petitioner applied to the Amador County Superior Court for a writ of habeas corpus, arguing that his counsel rendered ineffective assistance by failing to move for disqualification of the trial judge. Lodged Document No. 9. The superior court denied the application because Petitioner had failed to establish prejudice. Lodged Document No. 10. Petitioner subsequently collaterally raised his ineffective assistance claim before both the California Court of Appeal and the Supreme Court of California. Lodged Document Nos. 11, 13. The petitions were denied without comment. Lodged Document Nos. 12, 14.

## LEGAL STANDARD

A writ of habeas corpus is available under 28 U.S.C. § 2254 only on the basis of some transgression of federal law binding on the state courts. *See Peltier v. Wright*, 15 F.3d 860, 861 (9th Cir. 1993); *Middleton v. Cupp*, 768 F.2d 1083, 1085 (9th Cir. 1985) (citing *Engle v. Isaac*, 456 U.S. 107, 119 (1982)). A federal writ is not available for an alleged error in the interpretation or

2

application of state law. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Park v. California*, 202 F.3d 1146, 1149-50 (9th Cir. 2000); *Middleton*, 768 F.2d at 1085. Habeas corpus cannot be utilized to try state issues *de novo*. *Milton v. Wainwright*, 407 U.S. 371, 377 (1972).

Because the instant petition was filed after April 24, 1996, any claim therein that was adjudicated by a state court on the merits is governed by the deferential standard of review set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997); *Clark v. Murphy*, 331 F.3d 1062, 1067 (9th Cir. 2003). Where a state court has adjudicated the merits of a petitioner's claim, this Court, under AEDPA, may not grant relief unless the state court decision "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A state court decision is contrary to clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the Court] has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 413 (2000). A state court decision involves an unreasonable application of Supreme Court case law if it "identifies the correct governing legal principle from [the Court's] decisions but unreasonably applies that principle to the particular facts of [a] prisoner's case." *Id*. To qualify as "unreasonable," it must be objectively unreasonable, a substantially higher threshold than merely incorrect. *Schriro v. Landrigan*, 550 U.S. 465, 127 S. Ct. 1933, 1939 (2007).

Clearly established federal law refers only to the holdings of the Supreme Court's decisions in effect at the time of the relevant state-court decision. *Carey v. Musladin*, 549 U.S. 70, 74 (2006). In the absence of an applicable holding of the Supreme Court, it cannot be said that a state court decision is contrary to or an unreasonable application of clearly established federal law. *See id*. at 77. Finally, even if the AEDPA standard is satisfied, the Court cannot grant relief unless the error had a "substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson*, 507 U.S. 619, 638 (1993); *Fry v. Pliler*, 127 S. Ct. 2321, 2326-27 (2007) (*Brecht* standard continues to apply after enactment of AEDPA).

In applying this standard, a federal district court looks to the last reasoned state court decision as the basis for the state court judgment. *Robinson v. Ignacio*, 360 F.3d 1044, 1055 (9th Cir. 2004). The Court presumes that the state court's findings of fact are correct, unless the petitioner rebuts the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003). Where a state court has "silently denied" a claim on the merits without explaining its *ratio decidendi*, a district court independently reviews the record to determine if the denial was an unreasonable application of clearly established federal law. *Delgado v. Lewis*, 223 F.3d 976, 982 (9th Cir. 2000); *Reynoso v. Giurbino*, 462 F.3d 1099, 1109 (9th Cir. 2006).

## DISCUSSION

I - Ineffective Assistance of Counsel

Petitioner alleges that his trial counsel provided ineffective assistance when he failed to make a motion to disqualify the trial and sentencing judge, the Honorable Don F. Howard. Respondents contend that the rejection of this claim by the California Superior Court, Amador County, was not an unreasonable application of clearly established federal law.

To demonstrate ineffective assistance of counsel, Petitioner must show both that his counsel's performance was deficient and that the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). A deficient performance is one in which counsel made errors so serious that counsel was not functioning as the counsel guaranteed by the Sixth Amendment. *Id*. Petitioner must show that defense counsel's representation was not within the range of competence demanded of attorneys in criminal cases and that there is a reasonable probability that, but for counsel's ineffectiveness, the result would have been different. *Hill v. Lockhart*, 474 U.S. 52, 57 (1985).

The prosecutor alleged that Petitioner had previously suffered convictions for DUI on July 17, 1991, and July 10, 1997. Petitioner challenged the competency of the evidence for the prior convictions and argued that the evidence produced showed that the second prior conviction was based on a plea that was not knowing and voluntary.[2] Petitioner agreed to waive his right to a jury

---

[2] Apparently the court's official records had been destroyed as the time for keeping them had lapsed. The prosecution accordingly sought to prove the convictions with documents gathered from various agencies, including the probation office's copy of the original probation orders.

4

trial on the factual issue of the prior convictions in order to avoid having the jury exposed at great length to the evidence for the prior convictions. Judge Howard held a hearing on the issue, looked through the evidence presented, and found the allegations to be true based on the totality of the evidence presented.

Petitioner suggested for the first time in his state application for collateral relief that his counsel rendered ineffective assistance by failing to move for the disqualification of Judge Howard. He argues that California law would have required Judge Howard's disqualification for two reasons: (1) Judge Howard, as the sitting judge for both the 1991 and 1997 prior convictions, had personal knowledge of the facts at issue (*see* Cal. Code Civ. P. § 170.1(a)(1)(A)); and (2) a person aware of the facts might reasonably entertain a doubt as to Judge Howard's impartiality (*see* Cal. Code Civ. P. § 170.1(a)(6)(A)(iii)). Counsel's failure allegedly prejudiced Petitioner because absent Judge Howard's bias the prior conviction allegations would have been found untrue.

Although the state court's denial of this claim skipped the first *Strickland* prong, the Court notes in passing that counsel's performances has not been shown to be deficient. The disqualification of a judge is a tactical decision cloaked in a presumption of reasonable professional assistance. *See Paradis v. Arave*, 667 F.Supp. 1361, 1389 (D. Idaho 1987); *see also Strickland*, 466 U.S. at 689. It is incumbent upon Petitioner to show that such a decision was not sound trial strategy. *Strickland*, 466 U.S. at 689. In a scarcely populated county such as Amador, it is not uncommon for a defense attorney to have a fairly good, if not perfect, idea of which judge she will end up with if she successfully disqualifies the current judge. Counsel's failure to seek recusal and affirmative action to see that Judge Howard served as the trier of fact on this issue rather than the jury shows that counsel was engaged in strategic decision-making. While Petitioner alleges Judge Howard would have been disqualified had counsel made the motion, he fails to establish that counsel's failure to do so was a result of negligence or incompetence rather than sound professional judgment. Unable to establish counsel's deficient performance, Petitioner's claim would fail even if reviewed *de novo*.

The Superior Court of California, Amador County, denied Petitioner's ineffective assistance claim for failure to establish prejudice. The Court concludes that this was not an unreasonable application of clearly established federal law. Petitioner has failed to demonstrate that the outcome of his trial would have been different had his counsel successfully disqualified Judge Howard. The

trial record shows that duplicates of the original probation orders for the prior convictions were entered into evidence and verified by the clerk who had created them. Those records showed that Petitioner had been convicted of DUI with a prior on the dates alleged by the prosecution. The probation orders were corroborated by official records from the California Department of Motor Vehicles and information retrieved from the court's case management system. With regard to Petitioner's claim that his plea in the second DUI was not knowing and voluntary, the totality of the circumstances, including the sworn statement of his counsel on the form, showed that he was apprised of the elements of the offense to which he was pleading. Further, the California Court of Appeal reviewed Judge Howard's handling of the alleged prior convictions for bias and found that "[n]othing in the court's handling of these matters evidenced bias."[3] *Lamb*, C046556, Slip op. at 16. In sum, it is extremely unlikely a different judge would have made factual findings different from the ones made by Judge Howard. Accordingly, the state court's determination that Petitioner had failed to establish prejudice is not an unreasonable application of *Strickland*.

II - Bias

Petitioner claims that the trial court's apparent bias violated his rights to due process and a fair trial. Specifically, he argues the trial court's disparaging treatment of defense counsel and defense witnesses prejudiced the jury against him. Respondent contends that the Court of Appeal's decision denying this claim was not an unreasonable application of clearly established federal law.

A trial court's conduct violates a defendant's right to a fair trial if that conduct has undermined the presumption of innocence. *See Estelle v. Williams*, 425 U.S. 501, 503 (1976); *Maiden v. Bunnell*, 35 F.3d 477, 482-83 (9th Cir. 1994). On habeas review, a district court looks to whether the conduct was "so inherently prejudicial as to pose an unacceptable threat to defendant's right to a fair trial." *See Holbrook v. Flynn*, 475 U.S. 560, 572 (1986).

The Court of Appeal addressed this claim on direct review:

> Defendant contends the trial court was biased against him, thereby violating his constitutional rights to due process and a fair trial. The record indicates otherwise.
>
> Defendant asserts the court's disparaging remarks about defense counsel prejudiced the jury against him. While the court was critical of counsel at times, it also chastised the prosecutor. "A trial court commits misconduct if it persistently makes discourteous and disparaging remarks to defense counsel so as to discredit the

---

[3] A state court finding of no judicial bias is entitled to a presumption of correctness. *Ortiz v. Stewart*, 149 F.3d 923, 938 (9th Cir. 1998).

defense or create the impression it is allying itself with the prosecution." (*People v. Carpenter* (1997) 15 Cal.4th 312, 353.) The Court's comments reflected its irritation with the prolonged and repetitive examination of witnesses, but fell far short of anything that can be characterized as discrediting the defense or favoring the prosecution.

Nor is defendant correct in his assertion that the court demonstrated bias in its dealings with defense witnesses. A trial court has the duty to control trial proceedings (*People v. Carpenter*, *supra*, 15 Cal.4th at p.353), and its comments to witnesses reflected efforts to avoid repetition and to keep witnesses on track.

Defendant contends the court's bias was evident when it "attempted to preclude" a toxicologist from testifying for the defense. Defendant's claim requires a brief explanation.

As court began on Tuesday, November 25, 2003, the trial judge announced that court would recess as early as possible the following day so that jurors could prepare for Thanksgiving. On Wednesday morning, before testimony began, the court announced that the session would go through the lunch hour until 1:00 or 1:30 p.m., and then recess for the holiday. At some point that day, the defense counsel informed the court that it wanted to call its toxicology expert at 3:30 that afternoon, and anticipated that testimony lasting up to two hours. The court--not surprisingly--reacted, reminding counsel that he had had ample notice of the court schedule and could have arranged to have his expert available on Wednesday morning or the following Monday morning. The court said this witness "must be here Monday or he will not testify in this case." Defense counsel immediately reassured the court that the witness had since been notified of the change in scheduling and would testify on Monday.

While the court's comments reflected an understandable displeasure with counsel's failure to adjust his witness schedule, they do not reflect bias. And given that the toxicologist in fact testified, defendant cannot demonstrate any prejudice whatsoever.

Finally, citing Code of Civil Procedure section 170.1, defendant asserts that the court demonstrated bias in failing to recuse itself from considering the validity of two prior DUI convictions. Defendant had argued that the records from a 1991 proceeding had not been properly authenticated, and that a 1997 plea was constitutionally invalid because defendant had not been properly advised about the charges. The judge in this trial was the same judge that had presided in both earlier cases.

Defendant's argument is framed only in terms of bias; he does not directly challenge the lack of recusal, the authentication of records, or the constitutionality of his earlier plea. Nothing in the court's handling of these matters evidenced any bias, and defense counsel apparently felt the same way since counsel never raised the issue of recusal in the trial court. The failure to object to the judge's presiding over this matter precludes a direct challenge on appeal. (*People v. Scott* (1997) 15 Cal.4th 1188, 1207.) Defendant's attempt to sidestep this problem by framing the matter as one of bias is unavailing. Regardless of whether the trial court should have heard these issues, there is no evidence that the court was biased in its handling of defendant's claims.

*Lamb*, No. C046556, Slip Op. at 14-16.

The Court has reviewed the trial record and agrees with the Court of Appeal that the trial court's conduct shows impartial management of a prolonged trial. The instances cited by Petitioner consist almost entirely of the trial court's legitimate actions to control the trial. Evidentiary rulings went both ways, as did the Court's *sua sponte* intervention. The few instances where the court's ire with counsel was apparent were not so inherently prejudicial as to deny Petitioner a fair trial. The Court of Appeal's denial of this claim was not an unreasonable application of clearly established federal law.

## CONCLUSION

Petitioner's application must be denied as his claims are without merit. Further, as no reasonable jurist could debate whether the petition should have been resolved in a different manner, the Court declines to issue a Certificate of Appealability.[4] Any further request for a Certificate of Appealability must be addressed to the Court of Appeals. *See* Fed. R. App. P. 22(b); Ninth Circuit R. 22-1.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Petitioner's application for writ of habeas corpus is DENIED;

2. The Court declines to issue a Certificate of Appealability; and

3. The Clerk shall enter judgment accordingly.

Dated this the 6th day of March 2009.

/s/ James K. Singleton, Jr.
**JAMES K. SINGLETON, JR.**
United States District Judge

---

[4] A district court may grant a certificate of appealability only if a petitioner makes a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2). "To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 482 (2000) (internal quotation marks and citations omitted).